UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RIGID CONSTRUCTORS, LLC                                    CIVIL ACTION

VERSUS

ELA GROUP, INC., ET AL.                          NO. 20-00666-BAJ-RLB

<u>RULING AND ORDER</u>

This is a case about nonpayment for work between two industrial construction companies. Before the Court are Plaintiff's **Motion in Limine (Doc. 28)** and **Motion in Limine Regarding Untimely Document Production for Disallowed Claim (Doc. 29)**. In them, Plaintiff asks the Court to categorically exclude all evidence related to Defendants' unpled counterclaims, affirmative defenses, and contractual avoidance defenses. For the reasons below, **Plaintiff's Motion in Limine (Doc. 28)** is **DENIED** and Plaintiff's **Motion in Limine Regarding Untimely Document Production for Disallowed Claim (Doc. 29)** is **GRANTED**.

## I. BACKGROUND

Plaintiff filed suit against Defendants on October 5, 2020. (Doc. 1). Defendants filed their "Affirmative Defenses and Answer" on November 13, 2020. (Doc. 7, the "Answer"). Defendants did not plead any specific affirmative defenses, contractual avoidance defenses, or counterclaims in their Answer. The Court's subsequent scheduling order set a March 31, 2021 deadline for the joinder of parties and amendment of pleadings; a June 30, 2021 deadline for discovery to be completed; and a September 16, 2021 deadline for the parties to file dispositive motions.

1

On November 12, 2021—well after all deadlines had passed—Defendant ELA Group filed a Motion for Leave to File Counterclaim against Plaintiff. (Doc. 15). In the Motion, ELA Group asserted counterclaims, affirmative defenses, and contractual avoidance defenses. (Doc. 15). The Magistrate Judge denied the Motion. (Doc. 23).

Plaintiff then filed the instant Motions in Limine. (Docs. 28–29). Plaintiff's first Motion in Limine ("First Motion") asks the Court to prevent Defendants "from introducing . . . any evidence, whether in live testimony, depositions, exhibits, or argument, of the unpled counterclaims against [Plaintiff] as well as unpled affirmative defenses and contractual avoidance defenses." (Doc. 28, p. 1.). Plaintiff's Motion in Limine Regarding Untimely Document Production for Disallowed Claim ("Second Motion") seeks to exclude "documents produced by [Defendants] . . . as supporting documents for a counterclaim that has been disallowed." (Doc. 29, p. 1). Defendants oppose Plaintiff's Motions. (Docs. 38, 39).

## II.  LEGAL STANDARD

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. 8/12/1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F.

2

Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at \*1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at \*1.

However, "[d]enial of a motion in limine does not mean all evidence contemplated by the motion will be automatically admitted. Rather, denial means that the court cannot determine in advance whether the evidence should be excluded." *Id.*

## III.   DISCUSSION

Plaintiff argues in both Motions that, because the Court has already denied ELA Group's request to assert its unpled counterclaims, affirmative defenses, and contractual avoidance defenses, any mention of them through trial testimony, documents, etc., would not be relevant under Federal Rule of Evidence ("Rule") 402. (Docs. 28-1, pp. 6, 9; 29-1, p. 6). Plaintiff also asserts that, even if relevant, the evidence related to the counterclaims and defenses would unfairly prejudice Plaintiff, confuse the issues, or mislead the jury and thus is inadmissible under Rule 403. (Docs. 28-1, pp. 6, 9; 29-1, p. 6). Plaintiff attached exhibits of the relevant documents it seeks to exclude to its Second Motion; Plaintiff did not identify any specific testimony, deposition, or exhibit that it seeks to exclude in its First Motion. (*See* Docs. 28, 29-2).

As to Plaintiff's First Motion, the Court must deny Plaintiff's request. Plaintiff seeks to preclude Defendants from introducing *any* evidence related to the unpled

counterclaims and defenses. (Doc. 28). While the Court previously denied ELA Group's Motion for Leave to assert its counterclaims, the Court will not—at the outset—categorically exclude *any* evidence that could relate to the unpled counterclaim and defenses without additional information and context as the action proceeds to trial.

As to Plaintiff's Second Motion, the Court shall grant the motion. Plaintiff urges the Court to exclude particular documents that were produced by the Defendants on August 31, 2021—well after the discovery deadline—in support of ELA Group's motion for leave to file its counterclaims. (Doc. 29).

Defendants, through their Oppositions, inform the Court that they do not intend to offer any of documents from ELA 000606 through ELA 000710 at trial. As such, Plaintiff's Second Motion is granted related to those documents.

Defendants, however, show that documents ELA 000574 through ELA 000605 are duplicative of documents previously produced to Plaintiff. (Doc. 38, pp. 7–8). Despite Defendant previously producing these documents to Plaintiff, documents ELA 000574 through ELA 000605 were produced two months after the discovery deadline. As such, Plaintiff's Second Motion is granted relative to documents ELA 000574 through ELA 000605.[1]

---

[1] As documents ELA 000574 through ELA 000605 are merely duplicative of documents previously provided by Defendants to Plaintiff, Defendants *would* be permitted to rely on the previously-provided versions of the documents at trial. It is, specifically, the versions provided after the discovery deadline that the Court excludes.

The Court's rulings on the Motions in Limine do not affect any party's right to reassert their arguments for or against introduction of the relevant evidence as the action proceeds to trial.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion in Limine (Doc. 28)** be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's **Motion in Limine Regarding Untimely Document Production for Disallowed Claim (Doc. 29)** be and is hereby **GRANTED**.

Baton Rouge, Louisiana, this ___5th___ day of January, 2023

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**